FILED

2020 Jan-16  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIE MOODY, JR.,** **individually,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No._____** |
| **S & H, LLC.,** **a limited liability company,** | ) ) ) ) | |
| **Defendant.** | ) | |

_____

## **COMPLAINT**

Plaintiff WILLIE MOODY, JR. (hereinafter "MOODY" or "Plaintiff")

hereby sues Defendant S & H, LLC, a domestic limited liability company,

(hereinafter "Defendant") for injunctive relief, attorney's fees, litigation expenses,

and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

(hereinafter "ADA"), and the ADA Accessibility Guidelines, 28 C.F.R. Part 36

(hereinafter "ADAAG"). In support thereof, Plaintiff respectfully shows this Court

as follows:

### **JURISDICTION AND VENUE**

1.      This is an action for declaratory and injunctive relief pursuant to Title

III of the ADA.  This Court is vested with original jurisdiction over the action

pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C.

§ 12181 *et seq.*, based upon Defendant S & H, LLC.'s, failure to remove physical

barriers to access and violations of Title III of the ADA.

2.    Venue is properly located in the Northern District of Alabama pursuant

to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs

or the judicial district in which a substantial part of the events or omissions giving

rise to Plaintiff's claims occurred.  The Defendant's property is located in and does

business within this judicial district and all events giving rise to this lawsuit occurred

in this judicial district.

## PARTIES

3.    Plaintiff, WILLIE MOODY, JR. is an Alabama resident individual.

Plaintiff is sui juris and qualifies as an individual with disabilities as defined by the

ADA.  Plaintiff utilizes a wheelchair for mobility due to permanent spinal damage

sustained when he was wounded while serving his country in the United States

Army.  Plaintiff's condition is one that constitutes a physical impairment which

impacts and substantially limits the major life activity of walking and having

complete use of his extremities and as such is a qualified disability under the ADA.

4.    Plaintiff is also an independent advocate of the rights of similarly

situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's

civil rights, monitoring, determining and ensuring whether places of public

accommodation are in compliance with the ADA. Plaintiff's motivation to return to

a location, in part, stems from a desire to utilize ADA litigation to make areas that the he frequents more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property, including returning to the Subject Facility as soon as it is accessible ("Advocacy Purposes").

5.      Defendant, S & H, LLC, is a domestic limited liability company registered to do business and, in fact, is conducting business in the State of Alabama and within this judicial district.

## FACTUAL ALLEGATIONS

6.      On numerous prior occasions, and as recently as October of 2019, Plaintiff attempted to but was deterred from patronizing the restaurants and stores situated within the strip shopping center located at 706 Valley Avenue, Birmingham, Alabama, 35209.

7.      S & H, LLC, is the owner, lessor, and/or operator/lessee of the real property and improvements of the subject strip shopping center located at 706 Valley Avenue, Birmingham, Alabama 35209, and its attendant facilities, including vehicular parking and exterior paths of travel within the site identified by the Jefferson County Tax Accessor with Parcel ID: 29 00 14 1 002 002.000 ("Subject Property", "Subject Facility").

8.      Plaintiff resides in Montgomery, Alabama and frequently travels to and spends time in the Birmingham area because he receives routine treatment for his disability related medical conditions there.  He also routinely and frequently makes day and overnight trips to Birmingham to visit with his immediate family members that reside in Birmingham, including his daughter who lives less than one (1) mile from the Subject Property.

9.      Plaintiff's access to the Subject Property and the businesses located therein and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was prevented and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, S & H, LLC, is compelled to remove the physical barriers to access present and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

10.     Plaintiff has visited, and/or attempted to patronize the restaurants and stores at the Subject Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed.  The purpose of the revisit is to be a regular customer, to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

11.     Plaintiff intends on revisiting the Subject Property to purchase goods and/or services as a regular customer as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the subject public accommodation known to Plaintiff to have numerous and continuing barriers to access.

12.     Plaintiff traveled to the Subject Property as a customer and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Subject Property.

## COUNT I

13.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

14.     The Subject Property is a public accommodation and service establishment.

15.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

16.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

17.     The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

18.     Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in his capacity as an intended patron and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

19.     Plaintiff intends to visit the Subject Property again in the very near future as a patron and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Subject Property but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to

the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

20.     Defendant, S & H, LLC, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

21.     Defendant, S & H, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, S & H, LLC, is compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

22.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

### PARKING

    a. The Plaintiff could not utilize the parking facility without the fear and stress of being unable to exit or re-

enter his vehicle because of the likelihood of another customer parking directly beside Plaintiff's vehicle because the defendant failed to provide any access aisles for the designated accessible spaces in violation of Section 4.6 of the 1991 ADAAG and Section 502 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to exit and re-enter his vehicle while parked at the Subject Property.

b. The Plaintiff could not safely utilize the parking facility without the fear and stress of being unable to re-enter his vehicle because of the likelihood of another customer parking directly beside Plaintiff's vehicle because the accessible parking has no visible upright signage in violation of Section 4.6 of the 1991 ADAAG and Sections 302 and 502 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to exit and re-enter his vehicle while parked at the Subject Property.

c. The Plaintiff could not safely offload his wheelchair from his vehicle because there is no designated van accessible parking present (which is required to provide sufficient space for Plaintiff to safely and independently exit his vehicle) in violation of Section 4.6 of the 1991 ADAAG and Sections 208, 302 and 502 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to exit and re-enter his vehicle while parked at the Subject Property.

d. There was an insufficient number of designated accessible vehicular spaces in violation of Section 4.1 of the 1991 ADAAG and Section 208.2 of the 2010 ADAAG. This violation provided Plaintiff the two unsafe options of having to choose a "standard" parking stall or to repeatedly drive around the parking facility until one of the designated accessible stalls was available. This violation made it dangerous and

difficult for Plaintiff to exit and re-enter his vehicle while parked at the Subject Property.

e. The Plaintiff could not safely utilize the parking facility because several of the designated accessible parking spaces are not level in all directions in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to attempt to transfer from his vehicle to his wheelchair (and vice versa) using the designated accessible parking.

### PATHS OF TRAVEL/ACCESSIBLE ROUTES

f. The Plaintiff was unable to traverse from one individual tenant space within the Subject Property to another because no accessible route connected the accessible elements of the facility. Violation: There are individual tenant spaces within the facility the routes to which are inaccessible in violation of Section 4.3.2 of the 1991 ADAAG and Section 206.2.2 of the 2010 ADAAG. This violation caused Plaintiff to feel isolated by making it impossible for him to access the individual tenant spaces at the Subject Property without dangerously traversing the parking facility in his wheelchair or using his vehicle to travel to and from the tenant spaces within the Subject Property despite the existence of paths of travel for able-bodied pedestrians connecting the tenant spaces.

g. The Plaintiff could not safely use the accessible routes from the accessible parking to the Valley Spring Package store entry door because the walking surfaces on the two existing routes have slopes in excess of 1:20 in violation of Section 4.3.7 of the 1991 ADAAG and Section 403.3 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to access the store entrance. Because this routes leading to the

ramps have a slope in excess of 1:20, the routes themselves in the area immediately preceding the ramps are, in fact, considered ramps, moreover, these preceding ramped areas have a total rise greater than six (6) inches, yet do not have handrails complying with Section 4.26 of the 1991 ADAAG and Section 505 of the 2010 ADAAG which is a violation of Section 4.8.5 of the 1991 ADAAG and Section 405.8 of the 2010 ADAAG.  These violations made it dangerous and difficult for Plaintiff to access the Subject Facility.

## MAINTENANCE PRACTICES

h. Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.  This practice prevented access to the Plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff danger, anxiety, humiliation and/or embarrassment.

i. Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as

        Defendant's able-bodied patrons and caused his danger, anxiety, embarrassment and/or humiliation.

    j.  Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211.  This failure by Defendant prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff danger, anxiety, humiliation and/or embarrassment.

23.    The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered.  A complete list of the Subject Property's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.  Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that the defendant does not intend to comply with the ADA.

24.    Upon information and belief accessible elements at the Subject Property have been altered and/or constructed since 2010.

25.    The foregoing violations are violations of the 1991 ADAAG, and the

2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the

2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of

the alleged violations set forth herein can be modified to comply with the 1991

ADAAG standards.

26.     The removal of the physical barriers, dangerous conditions and ADA

violations alleged herein is readily achievable and can be accomplished and carried

out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42

U.S.C. § 12181(9); 28 C.F.R. § 36.304.

27.     Each of the violations alleged herein is readily achievable to modify to

bring the Subject Property into compliance with the ADA.

28.     Removal of the physical barriers and dangerous conditions present at

the Subject Property is readily achievable because of the site conditions at the subject

property, the structural design of the Subject Facility, and the straightforward nature

of the necessary modifications.

29.     To assist businesses in offsetting the costs associated with complying

with the ADA and removing barriers to access for individuals with disabilities,

Section 44 of the IRS Code provides a tax credit for small businesses and Section

190 of the IRS Code provides a tax deduction for all businesses, including the

Defendant.

30.     Removal of the physical barriers and dangerous conditions at the

Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

31.   By continuing to operate the subject premises with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

32.   Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.  To date, Defendant has

failed to comply with this mandate.

33.     Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, S & H, LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those alleged herein.  Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

34.     Plaintiff's requested relief serves the public interest.

35.     Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant, S & H, LLC, pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505.  Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

36.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR § 36.211.

WHEREFORE, the Plaintiff prays as follows:

A.    That the Court find Defendant, S & H, LLC, in violation of the ADA and ADAAG;

B.    That the Court enter an Order requiring Defendant, S & H, LLC, to (i) remove the physical barriers to access and (ii) alter the Subject Facility to make the Subject Property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. § 36.211, to fulfill its continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.    That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211.

E.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.    An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G.    An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with

Disabilities Act.

Dated this the 16th day of January, 2020.

Respectfully submitted,

By:  s/Amanda H. Schafner_____
            Amanda H. Schafner
            Bar Number: ASB 5509S54C
            Attorney for Plaintiff
            The Schafner Law Group, LLC
            P.O. Box 841
            Birmingham, AL 35201
            Telephone: (256) 490-3004
            Fax: (205) 847-5126
            E-Mail: ahschafner.law@gmail.com

**DEFENDANT TO BE SERVED:**

S & H, LLC
c/o Sam Wehby
529 Beacon Parkway West
Suite 204
Birmingham, AL 35209